UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Michael J. Dahlin,

    Plaintiff,

v.                                                                                              Civil No. 09-2924 (JNE/AJB)
                                                                                             ORDER

Joan Fabian, D.O.C. Commissioner;
Jessica Symmes, M.C.F.-O.P.H. Warden;
David Paulsen, D.O.C. Medical Director;
Nanette Larson, D.O.C. Health Service Supervisor;
Barbara Nelson, D.O.C.-R.N.-O.P.H. Medical Supervisor;
Keith Krueger, M.D.-C.M.S. Inc.-O.P.H. Regional Medical Director;
Kathryn Reid, R.N.-C.M.S. Inc.-O.P.H. Medical Director;
Stephen Craane, M.D.-C.M.S. Inc.-O.P.H. Primary Physician;
Darin Haugland, C.M.S. Inc.-P.T. Physical Therapist;
D.O.C., Minnesota Department of Corrections; and
C.M.S. Inc., Correctional Medical Services Incorporated,
individually and in their official capacities,

    Defendants.

    On January 12, 2011, the Court dismissed Michael Dahlin's complaint. Judgment was entered the same day. Dahlin appealed. The case is before the Court on remand from the United States Court of Appeals for the Eighth Circuit. The order of remand states:

> This case is remanded to the district court for the limited purpose of determining the appellant's in forma pauperis status and assessing the appellate filing fees pursuant to 28 U.S.C. Section 1915 as amended by the Prison Litigation Reform Act. In the event the district court grants in forma pauperis status, the district court is directed to calculate and collect the appellate filing fees in accordance with <u>Henderson v. Norris</u>, 129 F.3d 481 (8th Cir. 1997).

For the reasons set forth below, the Court grants Dahlin's application to proceed in forma pauperis on appeal.

    Dahlin is currently incarcerated at the Minnesota Correctional Facility-Oak Park Heights. To qualify for in forma pauperis status on appeal, a prisoner who appeals from a judgment in a civil action must submit information that demonstrates the prisoner's inability to pay, or give

1

security for, the appellate filing fees. 28 U.S.C. § 1915(a)(1) (2006).  The prisoner must also submit a certified copy of the trust fund account statement for the prisoner for the six-month period immediately preceding the filing of the notice of appeal.  *Id.* § 1915(a)(2).  Even if the prisoner obtains in forma pauperis status on appeal, the prisoner is liable for payment in full of the $455 appellate filing fees without regard to the outcome of the appeal.  *Id.* § 1915(b)(1); *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (per curiam).  By filing a notice of appeal, the prisoner consents to the deduction of an initial partial appellate filing fee and the remaining installments from his prison account by prison officials.  *Henderson*, 129 F.3d at 484.  Even if the prisoner is financially eligible to proceed in forma pauperis on appeal, the prisoner may not appeal in forma pauperis if the district court "certifies in writing that [the appeal] is not taken in good faith."  28 U.S.C. § 1915(a)(3).

Based on the information submitted by Dahlin, the Court finds that he is financially eligible for in forma pauperis status on appeal.  His initial partial appellate filing fee is $58.58.  *See id.* § 1915(b)(1); *Henderson*, 129 F.3d at 485.  The Clerk of Court shall (1) notify the prison officials at the institution where Dahlin is incarcerated to pay Dahlin's $58.58 initial partial appellate filing fee from Dahlin's account; (2) notify the prison officials to pay the remaining balance of Dahlin's appellate filing fees, $396.42, from Dahlin's account in the manner prescribed by 28 U.S.C. § 1915(b)(2); and (3) send a copy of this Order to Dahlin and to the prison officials.  *See Henderson*, 129 F.3d at 485.

The Court turns to whether Dahlin has appealed in good faith.  *See* 28 U.S.C. § 1915(a)(3); *Henderson*, 129 F.3d at 485.  Good faith in this context is judged by an objective standard rather than the subjective beliefs of the appellant.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  To determine whether an appeal is taken in good faith, the Court must decide

whether the claims to be decided on appeal are factually or legally frivolous. *Id.* An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Although the Court remains satisfied that Dahlin's claims were properly addressed, the Court declines to certify that Dahlin's appeal is not taken in good faith. Accordingly, the Court grants Dahlin's application to proceed in forma pauperis on appeal.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Dahlin is assessed the $455 appellate filing fees.

2. The prison officials at the institution where Dahlin is incarcerated shall pay the $58.58 initial partial appellate filing fee from Dahlin's account to the Clerk of Court.

3. The prison officials at the institution where Dahlin is incarcerated shall pay the remaining balance of Dahlin's appellate filing fees, $396.42, from Dahlin's account to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2).

4. Dahlin's application to proceed in forma pauperis on appeal [Docket No. 90] is GRANTED.

5. The Clerk of Court shall send copies of this Order to Dahlin, the prison officials at the institution where Dahlin is incarcerated, and the Eighth Circuit.

Dated: March 28, 2011

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge